IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. 02- CV-2878 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ONE HUNDRED TWENTY-SEVEN | : | |
| THOUSAND DOLLARS ($127,000) | : | |
| UNITED STATES CURRENCY | : | |
| SEIZED FROM CITIZENS BANK | : | |
| SAFE DEPOSIT BOX #398, HELD IN | : | |
| THE NAMES OF THAI DUC LUU AND | : | |
| THI TIEN LIEU | : | |
| Defendant | : | |

## <u>UNCONTESTED MOTION FOR STAY OF PROCEEDINGS</u>

_____    The United States of America, plaintiff herein, by and through its attorneys,

Patrick L. Meehan, United States Attorney, J. Alvin Stout, III, and Anne Whatley Chain,

Assistant United States Attorneys, in and for the Eastern District of Pennsylvania, hereby moves

this Court pursuant to Title 18, United States Code, Section 981(g), to enter an order staying this

forfeiture action until the filing of an indictment or information, if any, or until January 1, 2003,

whichever is sooner, subject to the government's opportunity to request the Court to continue the

stay to a later date, if appropriate.   The stay is requested because the continuation of this

proceedings and any contemplated commencement of civil discovery in this case would prejudice

the government's ability to continue the related criminal investigation.   This motion for a stay of

proceedings is not contested.   Of course, the request for a stay and consent to its entry does not

constitute a waiver of any right of any parties, including the rights of any claimant.

WHEREFORE, for the reasons set forth above and more fully set forth in the accompanying memorandum filed in support of this motion, the government requests that the motion for a stay be granted and that the Court enter an Order in the form of the proposed order.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

_____

J. Alvin Stout, III
Chief, Asset Forfeiture
Assistant United States Attorney

_____

Anne Whatley Chain
Assistant United States Attorney
_____

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. 02- CV-2878 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ONE HUNDRED TWENTY-SEVEN | : | |
| THOUSAND DOLLARS ($127,000) | : | |
| UNITED STATES CURRENCY | : | |
| SEIZED FROM CITIZENS BANK | : | |
| SAFE DEPOSIT BOX #398, HELD IN | : | |
| THE NAMES OF THAI DUC LUU AND | : | |
| THI TIEN LIEU | : | |
| Defendant | : | |

**MEMORANDUM IN SUPPORT OF
UNCONTESTED MOTION FOR STAY OF PROCEEDINGS**

**I.**

**STATEMENT OF CASE**

A.     Procedural History

       On May 14, 2002, a Complaint for Forfeiture was filed in this case in the United

States District Court, Eastern District of Pennsylvania, alleging that the defendant currency

constitutes property involved in structuring to evade the reporting requirements, in violation of

31 U.S.C. §§ 5313(a) and 5324, and property traceable thereto, and subject to forfeiture pursuant

to 31 U.S.C. § 5317(c)(2).

The $127,000 in currency was originally seized on March 15, 2002, from a safe deposit box held in the names of Thai Duc Luu and Thi Tien Lieu at the Citizen's Bank branch located at Whitman Plaza, 330 W. Oregon Avenue, Philadelphia, PA. The seizure was pursuant to the execution of a search warrant obtained in this district in Case Number 02-219-M issued by the Hon. James R. Melinson, Chief United States Magistrate Judge. The search warrant, as well as other search warrants, were secured in connection with an on-going criminal investigation.

The government moves for a stay of the civil forfeiture proceeding because disclosure in response to contemplated discovery will be detrimental to the pending criminal investigation. David Zwanetz, Esquire, counsel for Thai Duc Luu and Thi Tien Lieu, has advised that there is no opposition to the government's motion.

B.    Relevant Factual History

The relevant factual history is set forth in the Affidavit of Probable Cause by Lisa Viola, Special Agent, Internal Revenue Service, filed in support of the Complaint for Forfeiture. For the convenience of the Court, a copy of the Affidavit is attached as Exhibit "A."

Thai Duc Luu and Thi Tien Lieu filed a motion for return of property originally styled as Thai Duc Luu and Tien Lieu, Civil Action No. 02-MC-101, before the Honorable James McGirr Kelly. In connection with this proceedings, Luu and Lieu were represented by David Zwanetz, Esquire. The Court ruled on the motion by Memorandum Order dated June 3, 2002. In connection with the motion, the government advised the Court that $85,390.00 seized pursuant to search warrants also issued in the same investigation would be returned. The $85,390.00 was returned by Special Agent Viola on May 16, 2002. The motion also sought the return of the $127,000.00 that is the subject of this proceeding; however, consistent with the government's

2

request, the Court directed that any matters relating to these funds be resolved in this forfeiture proceeding. Significantly, during the pendency of the motion and after the Complaint for Forfeiture was filed, Mr. Zwanetz, counsel for Thai Duc Luu and Tien Lieu advised government counsel that they have no objection to the government's request for a stay in these proceedings. By agreeing to a stay, Thai Duc Luu and Tien Lieu are not waiving any right that may be asserted in the civil forfeiture proceeding.

## II.

## ARGUMENT

A.    18 U.S.C. § 981(g) authorizes a stay of civil forfeiture proceedings when the Court determines that civil discovery will adversely affect the ability of the government to prosecute a criminal case or investigate criminal activity.[1]

18 U.S.C. § 981(g), is a part of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") which became effective August 23, 2000 and is applicable to this proceeding. 18 U.S.C. § 981(g) sets forth the grounds for a stay of civil forfeiture proceedings. Upon motion of the government, the Court can enter an order staying civil forfeiture proceedings if it determines that civil discovery will adversely affect the government's ability to conduct a related criminal investigation or prosecute a related criminal case. Also, an order staying the proceedings is appropriate upon motion of a claimant if the Court determines that: (1) the claimant is the subject of a related criminal investigation or case; (2) the claimant has standing to assert a claim in the

---

[1]Much of the analysis provided herein and most of the cases cited in this memorandum appear in the legislative history of the new act. See Department of Justice's Section-by-Section Analysis, Forfeiture Act of 1999, Title I - Civil Forfeiture Procedure, Section 103, Stay of Civil Forfeiture Procedure Case, Oversight of Federal Asset Forfeiture: Its Role in Fighting Crime, Hearing before the Senate Subcommittee on Criminal Justice Oversight, 106th Cong. 1st Sess., including 1999 WL 20010421 (July 21, 1999) (statement of Deputy Attorney General Holder). A copy of the legislative history can be provided to the Court upon request.

3

civil forfeiture proceeding;[2] and (3) the continuation of the proceeding will burden the right of the claimant against self-incrimination in the related criminal investigation or case.   In determining the appropriateness of a stay, the Court should also consider the possible use of a protective order limiting discovery as long as the order would not allow one party to pursue discovery and effectively preclude the other party from doing so.

The provisions of CAFRA relating to the stay of civil forfeiture proceedings are intended to give both the government and the claimant in a civil forfeiture case the right to seek a stay of the forfeiture proceeding in order to protect a vital interest in a related criminal investigation or case.

B.      18 U.S.C. § 981(g) authorizes a stay of the proceedings in this case.

The former provisions of 18 U.S.C. § 981(g) contained language authorizing courts to stay forfeiture proceedings on motion of the government upon the filing of an indictment or information and a showing of good cause.   In ruling on motions under the former provisions of § 981(g)[3], numerous courts held that the possibility of broader discovery available to a claimant in a civil case interfered with the criminal prosecution and constituted "good cause."   See United States v. One Single Family Residence Located at 2820 Taft St., 710 F. Supp. 1351, 1352 (S.D. Fla. 1989) (stay granted where "scope of civil discovery could interfere with criminal prosecution"); United States v. Property at 297 Hawley St., 727 F. Supp. 90, 91

_____

[2]Because this is the government's motion, the standing of Luu and Lieu is not directly at issue.  For purposes of this motion, the government assumes that they may assert a claim in that the safe deposit box in which the currency was found was in their names.

[3]A similar provision was applicable to forfeiture proceedings in drug cases, 21 U.S.C. § 881(i)(repealed as of August 23, 2000).  The newly amended 21 U.S.C. §881(i) provides that the provisions of 18 U.S.C. § 981(g) apply to forfeitures under Title 21.

4

(W.D. N.Y. 1990) (good cause requirement satisfied where stay necessary to protect criminal

case from "potentially" broad discovery demands of claimant/defendant).  Other courts required

the government to demonstrate some specific harm.  See United States v. Leasehold Interests in

118 Avenue D, 754 F. Supp. 282, 287 (E.D. N.Y. 1990) ("mere conclusory allegations of

potential abuse or simply the opportunity by the claimant to improperly exploit civil discovery ...

will not avail on a motion for a stay").

   The newly effective amendment is intended to give greater guidance to the courts

by providing specifically that a stay shall be entered whenever the court determines that civil

discovery will adversely affect the ability of the government to investigate or prosecute a related

criminal case or, when requested by the claimant, and the Court finds that a continuation of the

civil proceeding would burden the claimant's right against self-incrimination.

   In the present case, there is a substantial basis justifying a stay of the proceedings.

The criminal investigation, including a grand jury investigation, incorporates the identical issues

raised by the forfeiture proceedings and both Luu and Lieu are subjects of the investigation.  The

investigation is active, search warrants have been executed, documents have been and are being

secured and witnesses are being interviewed.  In sum, evidence is being gathered from a variety

of sources using a variety of means, not all of which need be disclosed to, or are known by, Luu

or Lieu at this time.  The government believes that the activities under investigation are on-going

and that the premature disclosure of both the manner and results of the government's

investigation will have a detrimental impact on the conduct of the investigation and its results.

   By specifically authorizing the stay of civil forfeiture proceedings during the

pendency of an on-going criminal investigation, the amended provisions of 18 U.S.C. § 981(g)

recognize the need to protect on-going criminal investigations.  As stated in <u>United States v. All</u>

<u>Funds Deposited in Account No. 200008524845</u>, 162 F. Supp. 2d 1325, (1330 D. Wyo. 2001):

> It is apparent that the amended stay provisions contained in CAFRA have
> broadened the stay relief significantly.  First, the availability of a stay is expanded
> to the period of investigation and no longer requires that an indictment or
> information be filed, commencing formal criminal proceedings.  <u>This amendment</u>
> <u>would seem to recognize that the need for confidentiality is as great if not greater</u>
> <u>during the investigatory stage of a criminal proceeding when much of the acitivity</u>
> <u>of law enforcement and the courts is conducted in a confidential setting.</u>
> (Emphasis supplied.)

Furthermore, the government expects that Luu and Lieu would attempt to obtain

additional information during discovery if the civil forfeiture proceeding were to continue.  In

fact, the government has successfully opposed the efforts by Luu and Lieu to secure copies of the

search warrant affidavits.  It is most appropriate to anticipate that all parties would aggressively

pursue discovery if it were to proceed.  The government anticipates that it would similarly seek

to obtain discovery from Luu and Lieu and that significant Fifth Amendment issues could arise

from this course of action.[4]

---

[4]Civil forfeiture proceedings present a dilemma to the claimants who may be forced with
the choice of defending property in the civil case and defending his or her liberty in the criminal
case.  <u>See</u> <u>United States v. Certain Real Property ... 4003-4005 5th Avenue</u>, 55 F.3d 78 (2d Cir.
1995) (claimant in civil forfeiture cases faces the dilemma of remaining silent and allowing the
forfeiture or testifying against the forfeiture and exposing himself to incriminating admissions);
<u>United States v. Parcels of Land (Laliberte)</u>, 903 F.2d 36 (1st Cir.), <u>cert. denied</u>, 111 S. Ct. 289
(1990) (claimant's insistence on asserting Fifth Amendment rights in civil proceeding could
result in dismissal of claim).  Accordingly, by recognizing the Fifth Amendment issues that arise
in the context of civil forfeiture proceedings as a basis for a stay of the proceeding, the
amendment is consistent with cases that have stayed civil forfeiture proceedings in order to avoid
Fifth Amendment conflicts.  <u>See</u> <u>United States v. All Assets of Statewide Autoparts, Inc.</u>, 971
F.2d 896 (2d Cir. 1992); <u>United States v. A Certain Parcel of Land</u>, 781 F. Supp. 830, 833 (D.
N.H. 1992).

While the entry of a protective order could ameliorate the Fifth Amendment issues that may arise, it would be inherently unfair to limit one party's right to take discovery while allowing the other to obtain discovery. The preferable course of action is to stay the proceedings. Thus, if the effect of a protective order were, for example, to enable the government to obtain little value from a claimant in discovery while the claimant was able to review the government's files and depose its witnesses, 18 U.S.C. § 981(g) would require that a stay be imposed instead.

Accordingly, consistent with the factors set forth in 18 U.S.C. § 981(g), it is within the interest of all parties to stay the proceedings, as reflected by the fact that the government's motion is uncontested.

### III.

### CONCLUSION

Based on the foregoing, the government respectfully requests that the Court enter an order staying the proceedings in this case until the filing of an indictment or information, if any, or until January 1, 2003, whichever is sooner, at which time the government will advise the Court of the status of the proceedings in the related investigation. If necessary, the government requests that it be allowed the opportunity to request the Court to continue the stay to a later date,

7

if appropriate.

Respectfully submitted

PATRICK L. MEEHAN
United States Attorney


_____
J. Alvin Stout, III
Chief, Asset Forfeiture
Assistant United States Attorney


_____
Anne Whatley Chain
Assistant United States Attorney


DATE:_____

8

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :
            Plaintiff     :
                   :    CIVIL ACTION NO. 02- CV-2878
                   :
         v.          :
                   :
                   :
ONE HUNDRED TWENTY-SEVEN     :
THOUSAND DOLLARS ($127,000)     :
UNITED STATES CURRENCY     :
SEIZED FROM CITIZENS BANK     :
SAFE DEPOSIT BOX #398, HELD IN     :
THE NAMES OF THAI DUC LUU AND     :
THI TIEN LIEU     :
            Defendant     :

## <u>O R D E R</u>

AND NOW, on this       day of June, 2002, upon consideration of the

government's uncontested motion for stay of the proceedings, it is hereby ORDERED that the

motion is granted.  It is further ORDERED:

       1.     The proceedings in the above-captioned matter shall be stayed until the

filing of an indictment or information, or until January 1, 2003, whichever occurs sooner.

       2.     The government shall promptly advise the Court of the filing of any

indictment or information.

       3.     The government is granted leave to supplement the record and request the

Court to continue the stay to a later date, if appropriate.

BY THE COURT:

_____

JOHN R. PADOVA
*Judge, United States District Court*

CERTIFICATE OF SERVICE

I, Anne Whatley Chain, hereby certify that a true and correct copy of the

government's unopposed motion for a stay of proceedings was served by sending same by first-

class mail, postage prepaid, to:

David Zwanetz, Esquire
1101 Market Street, Suite 2820
Philadelphia, PA 19107


_____
ANNE WHATLEY CHAIN
Assistant U.S. Attorney


DATE: